(jPÍÑIÓÑ of the Court, by
Judge OwSiEY.
-s-jfaí--s-jfaí- s^ea<? and Mag] ó nr, c» the 25th day of July 1810, exe-<*uted á joint obligation to Vaughn for the payment of ¾245; awl after the decease of Maglone, Vaughn brought this petition and summons against Halstead; am® question now presented for the decisión of this *court, is, can the action be Sustained ?
Afl the obligation is joint, according to the settled doctrine of the common law, no other than a joint action could, during the life of both the obligors, be maintained upon it. But even should a separate action be brought asrainst one only, whilst both are alive, the objection co i Id on y be taken by a plea ih abatement; and in such a plea barely to aver the obligation was given by two joint* ly, would not be sufficient; but the obligor notsuedshould be moreover alleged to be still living.
If then the circumstance of there being another obli-gor living is pleadable in abatement Only, it incontestably follows that in declaring in an action against a survivor, barely to charge the giving the obligation by him, without making any averment as to the other, would be sufficient; and if so, it inevitably results that a petition aftd summons will lie agáinst the survivor : for it is only where some averment is necessary to show the plaintiff’s right of suit that a petition and summons will not lie to recover á sum of money due by note Or other obliga-, tion.
The judgment of the court below must be reversed With costs, and the cause remanded to that court, and judgment there entered in favor of the appellant.